BROWN, APPELLEE, *v.* FIFTH THIRD BANK, APPELLANT.

(No. C-820560—Decided June 8, 1983.)

Mr. John T. Mueller, for appellee.
Messrs. Graydon, Head & Ritchey and Mr. Bruce I. Petrie, Jr., for appellant.

KEEFE, J. This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

This appeal is from a judgment for $5,000, interest and costs, in favor of plaintiff-appellee, James I. Brown, and against defendant-appellant, the Fifth Third Bank. The proof consists of testimony and exhibits admitted during the course of the trial before the municipal court judge as well as a series of stipulations of fact. On March 7, 1980, Brown executed a $5,000 check to the order of "United Industrial Enterprises." The check was drawn on an account which Brown maintained with the Fifth Third Bank ("bank"). On the same date — March 7 — Brown delivered his check to an agent for United Industrial Enterprises whose surname was Caney. Stipulation No. 3 provides uncontroverted proof that Caney was an "agent" for the payee of Brown's check, and Brown's trial testimony showed that he delivered the check to Caney "as an agent/representative of United Industrial Enterprises." Proof varies as to whether Caney presented the check for payment to a branch of the bank on March 7 or March 10. The variance, under the circumstances, is not consequential, but from the overall record March 10 is more credible. The trial court found that the presentment to the bank occurred on March 10.

When Caney did present the check, a representative of the bank telephoned Brown and confirmed that he had written the check for $5,000. The bank paid the $5,000, but required no endorsement on the check. Caney in turn purchased a

*cashier's check* for $5,000 payable to the order of "United Dealership Enterprises." Of somewhat irrelevant significance, the $5,000 *cashier's check* ultimately was endorsed by "United Dealership Enterprises d/b/a United Industrial Enterprises," the latter name being the same as the payee's on the original check Brown drew and gave to Caney. Brown received nothing from United Industrial Enterprises or United Dealership Enterprises for his $5,000.

Although the appellant-bank advances three assignments of error, the true thrust of the overall appellate challenge is in fact expressed in the first assignment, which is as follows:

"The trial court erred to the prejudice of defendant-appellant in concluding that the bank breached its contract with plaintiff-appellee because plaintiff-appellee's check was not properly payable for lack of indorsement, and in entering judgment for plaintiff-appellee."

This assignment is meritorious. Plainly stated, the court below had before it uncontroverted evidence that Brown drew a check on his bank payable to "United Industrial Enterprises" whose agent took it to Brown's bank and cashed it without requiring an endorsement. Certainly, it is generally recognized that banks customarily require endorsements under the facts here present. Undoubtedly, they do it for their safety principally and for other convenience advantages which we shall not attempt to chronicle here. In this case, the drawer, Brown, instructed his bank to pay $5,000 to a certain payee, and that is exactly what the bank did even though the payment was made to an authorized agent instead of the named payee. We emphasize that it is stipulated that Caney was an agent of the payee, which fact Brown knew, and that Brown delivered the check to the agent, Caney. Presentment to the bank was accomplished by Caney just as Brown anticipated when he delivered the check to Caney. Presentation (or presentment) of an unnegotiated check calls merely for payment of the check. In the case of presentment for payment, a payor bank does not take by negotiation and therefore no endorsement is necessary. R.C. 1304.24(A); R.C. 1303.23(A); R.C. 1303.59(A). See, also, *Wright* v. *Bank of California* (1969), 276 Cal. App. 2d 485, 81 Cal. Rptr. 11. Presentment may be made by a bona fide agent of the payee as well as the payee himself. See 40 Ohio Jurisprudence 2d (1967) 705, Negotiable Instruments, Section 547.

There is an additional relevant development in this scenario only cursorily referenced above, and that is the telephone call made by a representative of the bank to Brown before cashing the check for Caney. Brown confirmed during the course of his testimony that he had told the bank representative when she called him that he had written Check No. 101, the instrument in question. This information then could only reasonably be interpreted by the bank agent to mean that Brown wanted the bank to pay $5,000 to the payee or authorized agent, and as we have noted herein, perhaps excessively, the role of Caney as agent is not gainsaid. When testifying, Brown attempted to quibble about whether the caller from the bank had said anything about the amount of the check. It was in Brown's handwriting; he admitted he wrote the check. How can it be argued with any logic or reason that he was unaware of the amount of Check No. 101! We sustain the first assignment of error.

As suggested above, in essence the remaining two assignments of error repeat the remonstration of the first. Therefore, finding them merely repetitious, we overrule them.

The judgment below is contrary to law. We reverse and enter the judgment for appellant which should have been awarded below.

*Judgment reversed.*

PALMER, P.J., and SHANNON, J., concur.